EDWIN M. WILKIE, Court Administrator
I have been asked to give my opinion as to what clerk's fees and suit taxes are applicable to traffic regulation cases under the new traffic court procedure enacted by the legislature in ch. 278, Laws of 1971.
SUIT TAX IN CRIMINAL CASES
The first question is whether suit tax is applicable to traffic violations which are punishable as crimes. It is my opinion that suit tax is not applicable in such criminal traffic cases. Article VII, sec. 18, Wis. Const., reads as follows:
"Suit tax. SECTION 18. The legislature shall impose a tax on all civil suits commenced or prosecuted in the municipal, inferior or circuit courts, which shall constitute a fund to be applied toward the payment of the salary of judges. *Page 397 
In response to this mandate, the legislature has imposed suit tax in civil cases. Title XXV of the statutes is entitled "Procedure in Civil Actions." Chapter 271, Stats., is a part of that title. Section 271.21 (1), Stats., reads:
"(1) In each civil action, special proceeding, except probate proceedings, and cognovit judgment in the circuit or county court, excluding all matters brought into the probate branches, a suit tax of $11 shall be paid at the time the action is commenced, except that:
"(a) In actions by small claim type procedure, the suit tax is $2.50.
"(b) In forfeiture actions in county court, the tax is $3."
Thus, it appears that suit tax is applicable to civil cases only. It should also be kept in mind that suit tax is initially paid by the plaintiff in an action. This is particularly inapplicable to criminal actions where the plaintiff is always the state. This office has previously expressed the opinion that suit tax is not applicable to the state as plaintiff because the state does not pay taxes to itself. 27 OAG 84 (1938); 55 OAG 57 (1966).
The question has now come up again because of a recent amendment to sec. 271.21 (2), Stats. Prior to such amendment, that statute read:
"(2) An additional suit tax of $2 shall be collected from defendants in all actions for violations of traffic regulations enacted under s. 349.06, and shall be paid into the state treasury."
Chapter 278, Laws of 1971, amended this statute by striking out the words "enacted under s. 349.06." This was done to make it clear that the $2 suit tax is now applicable to civil forfeiture traffic violations under state statute as well as local ordinances. Previously, state traffic violations were all criminal and only local ordinance traffic violations were civil. The big change accomplished by ch. 278, Laws of 1971, is to make most state traffic violations punishable as civil forfeitures. The above change in sec. 271.21 (2), Stats., makes it clear that the $2 suit tax is payable in both state and local civil forfeiture actions. I find no reason to conclude that by this change the legislature intended to make this $2 suit tax applicable to criminal traffic violations. *Page 398 
It has been suggested that the words "traffic regulations" used in sec. 271.21 (2), Stats., as amended, are broad enough to include criminal as well as civil traffic regulations. It is pointed out that the legislature did not by this amendment qualify the meaning of this statute by adding the words "as defined by sec. 345.20 (1) (a), Stats.," after the words "traffic regulations." This latter statute reads:
"(1) DEFINITIONS. In ss. 345.20 to 345.53:
"(a) `Traffic regulation' means a provision of chs. 341 to 349 for which the penalty for violation is a forfeiture, or an ordinance enacted in accordance with s. 349.06."
Under this definition, the words "traffic regulation" include only civil forfeiture violations under state law or local ordinance. They do not include criminal traffic violations under state law. It is also pointed out that this definition applies only to the construction of these words where they are used in sec. 345.20 to 345.53, Stats. Thus, such definition is not strictly applicable to such words used in sec. 271.21 (2), Stats. However, the failure to amend this statute, as above described, appears to be an oversight. Since, as above explained, suit tax has never been applicable to criminal cases, I conclude that the legislature used the words "traffic regulations" in sec. 271.21 (2), Stats., in the same sense as these words are defined in sec.345.20 (1) (a), Stats. Therefore, it is my opinion that the $2 suit tax is not applicable to violations of criminal traffic regulations.
SUIT TAX IN CIVIL CASES
Another question is whether the $3 suit tax in forfeiture actions in county court under sec. 271.21 (1) (b), Stats., is applicable to violations of state civil forfeiture traffic regulations. Here again, the state is the plaintiff, and the principle that the state does not pay taxes to itself would seem to be applicable unless the contrary can be inferred from other statutes. As to a municipality as plaintiff in a civil forfeiture action under a local ordinance, sec. 271.21 (3), Stats., reads:
"(3) A municipality need not advance the suit tax but shall be exempt from payment of such tax until the defendant pays costs pursuant to s. 299.25." *Page 399 
A similar provision is found in sec. 299.08, Stats. Thus, it is clear that a municipal plaintiff does not advance suit tax but the defendant pays this tax when judgment is entered against him. It appears to be an oversight that the legislature did not amend these two statutes to provide that both the state and municipality do not advance suit tax but the defendant pays the tax when judgment is entered. I conclude that this was what the legislature intended.
I reach this conclusion because one of the major purposes of the new traffic procedure law was to make such procedures uniform and, so far as possible, treat all violators alike. It would not be uniform that a violator under a local ordinance would pay suit tax and a violator under the state civil forfeiture law would not. Clearly, this language is broad enough to authorize the collection of the $2 suit tax from defendants in state traffic forfeiture cases.
However, this still leaves the question whether the $3 suit tax required by sec. 271.21 (1) (b), Stats., may be collected from defendants in state traffic forfeiture cases. While it is not abundantly clear, I conclude that this can be done. Section 271.21 (2), Stats., as amended, now reads:
"(2) An additional suit tax of $2 shall be collected from defendants in all actions for violations of traffic regulations and shall be paid into the state treasury."
The use of the word "additional" in this statute only makes sense if the above-mentioned $3 suit tax is also collected. While this is a slightly strained construction, I think it is the only logical conclusion to reach in view of the clear purpose of the legislature to make the law operate uniformly and to treat all violators alike so far as possible.
CLERK'S FEE
Another question relates to clerk's fees. Section 299.01 (2), Stats., provides that civil forfeiture actions in county court follow small claims type procedure. In such actions, sec. 299.08, Stats., provides a clerk's fee of $2. *Page 400 
Clerk's fees are governed by sec. 59.42 (1) (a) and (e), Stats., in criminal traffic cases. In no contest cases, the clerk's fee is $6 plus an additional fee of $3. As previously discussed, there is no suit tax in criminal cases.
MUNICIPAL COURT CASES
Procedure in municipal court is governed by ch. 300, Stats. Section 300.20 (1), Stats., provides that the fees of the municipal justice are the same as clerk's fees under sec. 288.195 (1), Stats. The latter statute provides a clerk's fee of $2, but this statute has been changed by adding the words "except under ss. 345.20 to 345.53." Thus, the $2 fee is not chargeable in traffic ordinance cases in municipal court.
A further question has been raised as to what fees are chargeable when the county court hears a town, city or village ordinance traffic case. Section 253.11 (2), Stats., provides that the county court shall have jurisdiction to hear such cases where the municipality has no municipal justice or where the case is transferred from the municipal justice pursuant to sec. 300.055, Stats. Fees in such cases in county court would be the same as for other ordinance violation cases heard in county court.
SUMMARY
 The following schedule shows the fees and suit taxes chargeable in each of the various types of traffic cases.
 CIVIL FORFEITURE CASES UNDER STATE STATUTE AND LOCAL ORDINANCE IN COUNTY COURT
 Clerk's fee $2 .......... sec. 299.08, Stats. Suit tax $3 ........ sec. 271.21 (1) (b), Stats.
 Suit tax $2 .......... sec. 271.21 (2), Stats. Total $7
CRIMINAL TRAFFIC CASES UNDER STATE STATUTE
 Clerk's fee (no contest) $6 ..... sec. 59.42 (1) (a), Stats. Additional fee $3 .... sec. 49.42 (1) (e), Stats. Total $9 *Page 401 
MUNICIPAL COURT — ORDINANCE VIOLATIONS
$2 fee not chargeable in traffic cases ....... secs. 300.20 and 288.195 (1), Stats. No suit tax ................... sec. 271.21, Stats. not applicable to municipal court
JURY TRIAL IN COUNTY COURT — CIVIL FORFEITURE ACTION
6 man jury $12 ............. sec. 345.43 (1) (b), Stats. Clerks' fees $ 8 ...... secs. 299.08 and 299.21 (3) (b), Stats. Suit tax $11 ...... secs. 299.21 (3) (b) and 271.21 (1), Stats. Suit tax $ 2 ................ sec. 271.21 (2), Stats. Total $33
12 man jury $24 ............. sec. 345.43 (1) (b), Stats. Clerks' fees $ 8 ...... secs. 299.08 and 299.21 (3) (b), Stats. Suit tax $11 ...... secs. 299.21 (3) (b) and 271.21 (1), Stats. Suit tax $ 2 ................ sec. 271.21 (2), Stats. Total $45
Additional questions under ch. 278, Laws of 1971, will be treated in separate opinions.
RWW:AOH